UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LULU BARDONADO ALFORQUE, et al., | No. 2:17-cv-1601-JAM-KJN PS |
| Plaintiffs, | ORDER AND |
| v. | FINDINGS AND RECOMMENDATIONS |
| WORLD SAVINGS BANK, FSB, et al., | |
| Defendants. | |

Presently pending before the court is defendant Wells Fargo Bank's motion to dismiss. (ECF No. 4.) Plaintiffs initially failed to oppose the motion in accordance with Local Rule 230(c). At that time, the court considered whether the case should be dismissed or other sanctions imposed based on plaintiffs' failure to oppose the motion and comply with the Local Rules. Nevertheless, in light of plaintiffs' *pro se* status, and the court's desire to resolve the action on the merits, the court found it appropriate to provide plaintiffs with an additional, final opportunity to oppose the motion. In a September 28, 2017 order, the court provided plaintiffs with an extension until October 12, 2017, to file an opposition or statement of non-opposition to the motion to dismiss. (ECF No. 5.) Plaintiffs were expressly cautioned that failure to timely file an opposition or statement of non-opposition to the motion to dismiss will be construed as

1

plaintiffs' consent to dismissal of the action and will result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

Although the October 12, 2017 deadline has now passed, and despite the court's clear admonitions, plaintiffs again failed to respond to the motion; nor did they request an extension of time to respond based on good cause. Therefore, at this juncture, the court has little choice but to recommend dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders and failure to prosecute the action.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with

any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiffs' failure to respond to the pending motion to dismiss. The third factor also slightly favors dismissal, because, at a minimum, defendant Wells Fargo has been deprived of the opportunity to have its motion to dismiss considered on the merits on a timely basis.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. More specifically, the court, cognizant of plaintiffs' *pro se* status, *sua sponte* provided plaintiffs with an extension of time to oppose the pending motion to dismiss. The court also clearly cautioned plaintiffs regarding the potential consequences of any continued failure to respond to the motion and comply with the court's orders. Additionally, given plaintiffs' complete failure to respond to the motion and the court's prior orders, the court is not convinced that plaintiffs would pay any monetary sanctions if they were ordered.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiffs' own failure to prosecute the case and comply with court orders that precludes a resolution on the merits.

Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. The pending motion to dismiss (ECF No. 4) be denied without prejudice as moot.

3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that:

1. The December 14, 2017 status conference in this case is vacated.

2. All pleading, discovery, and motion practice in this action is stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: October 16, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE